**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1812
_____

SHERRY L. MILLER,
                                        Appellant
v.

CAMPBELL SOUP COMPANY RETIREMENT & PENSION PLAN
ADMINISTRATIVE COMMITTEE
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1:19-cv-11397)
District Judge:  Honorable Robert B. Kugler

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 23, 2024
Before:  KRAUSE, PHIPPS, and ROTH, <u>Circuit Judges</u>

(Filed: February 6, 2025)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**PER CURIAM**

Sherry Miller appeals the District Court's judgment in favor of Appellees. For the reasons that follow, we will affirm the District Court's judgment.

The procedural history of this case and the details of Miller's claims are well known to the parties, set forth in the District Court's opinion, and need not be discussed at length. Miller worked for Campbell Soup Company for almost 30 years, with a brief break in service in 2001. Before her break in service, Miller accrued benefits under a traditional pension formula per a retirement plan ("the Plan"), but, after the break in service, she accrued them under a cash balance formula. In 2015, Miller retired and, in return for 101 weeks of severance pay and medical coverage, signed a release of claims against Appellee.

In her amended complaint, Miller alleged that she was entitled to over 28 years of benefits under the pension formula instead of only 15 years of benefits. She asserted that that Appellee breached its fiduciary duty when it misrepresented what her retirement benefits would be ("misrepresentation claim"). She also raised a claim of equitable estoppel based on these alleged misrepresentations.

On Appellee's motion to dismiss, the District Court dismissed her claim that she was entitled to additional benefits under the Plan. It allowed her misrepresentation and estoppel claims to proceed. Both Miller and Appellees filed motions for summary judgment. Having determined that Miller's remaining claims were barred by the release

2

she had signed when she retired, the District Court granted Appellees' motion for summary judgment and denied Miller's motion as moot. Miller filed a timely motion for reconsideration, and, after the District Court denied that motion, filed a timely notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291 and exercise de novo review over the District Court's order granting summary judgment. Razak v. Uber Techs., Inc., 951 F.3d 137, 144 (3d Cir. 2020). A grant of summary judgment will be affirmed if our review reveals that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We review the denial of a motion for reconsideration for an abuse of discretion. See Budget Blinds, Inc. v. White, 536 F.3d 244, 251 (3d Cir. 2008). We agree with the District Court's thorough analysis of Miller's claims and have little to add to its discussion. We will briefly address Miller's arguments on appeal.

On appeal, Miller states that she is seeking recovery of benefits resulting from Appellee's breach of its fiduciary duties.[1] She asks that we apply our decision in Pell v. E.I. DuPont de Nemours & Co. Inc., 539 F.3d 292, 297 (3d Cir. 2008), where we

---

[1] In her opening brief, Miller does not challenge the District Court's dismissal of her claim that she was entitled to increased benefits under the Plan. While she disclaims such a forfeiture in her reply brief, she does not explain how she was entitled to increased benefits under the terms of the Plan. Instead, with her misrepresentation claim, she appears to be requesting additional benefits that she is not entitled to under the Plan but allegedly was mistakenly led to believe she would receive.

3

affirmed the District Court's granting relief on an ERISA claim. See Appellant Br. at 25. The issue on appeal, however, is not whether Miller would be entitled to relief on her misrepresentation claim but whether she released that claim when she retired.

Miller argues that her claim was not covered by the release because the release did not cover claims arising after the release was signed. See Release at ¶ 4(f). She contends that the claim did not accrue until she discovered the alleged misrepresentations in 2017. We, however, have held that a claim for a breach of fiduciary duty based on misrepresentation was completed and accrued on the date the employee relied on the misrepresentations to her detriment. See In re Unisys Corp. Retiree Med. Benefit "ERISA" Litig., 242 F.3d 497, 505–06 (3d Cir. 2001). Thus, the claim that Appellee misrepresented her benefits did not arise two years after the release was signed, but rather arose when Miller signed the release and retired allegedly in reliance on the expected benefits.

Miller also notes that she did not release claims for vested benefits under a qualified retirement plan and contends that her claim is for vested benefits. See Release at ¶ 4(d). However, as noted above, Miller's claim for benefits is not based on the Plan but rather on the alleged misrepresentations by Appellee as to what her retirement benefits would be. Thus, it is not a claim for "vested benefits under a qualified retirement plan." And the Release specifically mentioned that claims of misrepresentation and equitable estoppel were covered by the agreement. See Release at ¶ 3(b)(xi).

4

Miller further contends that she did not knowingly release the misrepresentation claim because she was unaware of it until two years after signing the release. She argues that a release of a claim for benefits under an ERISA plan is void unless the individual is aware of the released rights. See Appellant Br. at 21. However, as noted above, the misrepresentation claim is not a claim for benefits under the Plan. And the language of the release informed Miller that she would be releasing "any and all claims that you have or may have." Release at ¶ 3(b). We have interpreted similar "may have" language to release claims that the parties had but may discover later. See Fisher Dev. Co. v. Boise Cascade Corp., 37 F.3d 104, 108 (3d Cir. 1994) (explaining that "[g]iven the limitation to claims based on events occurring before the date of the release, we can only take the phrase 'hereafter may have' to mean that the parties wished to release not only those claims of which they were currently aware, but also those they might subsequently discover based on their relationship prior to the execution of the release").

Considering the totality of the circumstances, we agree that Miller's release was knowing and voluntary. See Coventry v. U.S. Steel Corp., 856 F.2d 514, 523 (3d Cir. 1988) (analyzing release under a totality of the circumstances test). Miller, a professional with thirty years of experience, was given 45 days to consider the release and consult an attorney before signing and, as discussed below, received substantial consideration. Id.

5

(describing factors to be considered in determining whether a release was entered into knowingly and voluntarily).[2]

Finally, Miller argues that she did not receive any consideration for the release of her claims because other employees were offered the same severance benefits. As noted above, Miller received 101 weeks of salary as severance pay (which the parties value at approximately $196,000) and continued insurance coverage (the value of which has not been described). Miller does not explain how other employees' receiving severance pay undermines the consideration she received. She also appears to argue that she did not receive any consideration because she estimates that the damages on her misrepresentation claim would be $292,000, and this estimate is larger than the salary portion of her severance benefits. At the time of the release, however, there had been no determination that Miller was entitled to these damages. Coventry, 856 F.2d at 523 (listing as a factor to be considered "whether the consideration given in exchange for the waiver exceeds employee benefits to which the employee was already entitled by contract or law").

In challenging the District Court's denial of her motion for reconsideration, Miller appears to argue that the District Court ignored her misrepresentation claim. As

---

[2] Miller testified at her deposition that she did not consult with an attorney because she had dealt with a number of contract agreements in her work for Campbell Soup. See Supp. App'x at 264.

6

explained above, however, the District Court did not need to reach the merits of Miller's claim because it determined that she had released the claim.

For the reasons above as well as those set forth by the District Court, we will affirm the District Court's judgment.